IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | | |
|---|---|---|
| JOHN REGINALD DAY, JR. | § | |
| | § | |
| | § | |
| v. | § | CIVIL ACTION NO. G-06-655 |
| | § | |
| | § | |
| BOARD OF PARDON AND | § | |
| PAROLES | § | |

**REPORT AND RECOMMENDATION**

Before the Court is the Amended Petition for a Writ of Habeas Corpus filed by John Reginald Day, a prisoner in the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ-CID"). In his writ Petitioner alleges he is entitled to federal habeas relief because he is being unlawfully incarcerated and his sentence has been illegally extended because TDCJ-CID and the Parole Board have denied him street time credit for the time he previously spent on mandatory supervision. Am. Pet'r Writ at 7.

On October 26, 2006, the Court ordered the Respondent to file an Answer or other responsive pleading by January 5, 2007, and show cause, if any, why the writ should not be granted. Shortly thereafter, Petitioner's change of address request was received by this Court which indicated that he had been released from the TDCJ-CID. The Court learned that Petitioner was released from TDCJ-CID on October 19, 2006, and while released to parole, his expected discharge date is January 2007. The fact that Petitioner has since been released, raises a concern that this case may now be moot. *See Spencer v. Kemna*, 523 U.S. 1, 18 (1998) (when a claim is moot a court is deprived of

its power to act because there is nothing to remedy); *Powell v. McCormack*, 395 U.S. 486, 496 (1969) (plaintiff must have a "live" claim or "a legally cognizable interest in the outcome.").

Nevertheless, having re-examined this writ, Petitioner's claims suffer from another problem. In this case, Petitioner gives no indication that he has pursued his habeas rights or administrative remedies under state law before filing the instant suit.[1] Am. Pet'r Writ at 3. The Antiterrorism and Effective Death Penalty Act ("AEDPA") requires that prisoners must first exhaust all habeas claims in state court before seeking relief in federal court. 28 U.S.C. § 1154(b)(1)(A); *Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998). This requires a prisoner to present his claims to the state's highest court, which in Texas means the Court of Criminal Appeals. *Id.* A Texas prisoner who seeks federal habeas relief must have presented the same claims on the same legal theories to the Court of Criminal Appeals, and the failure to do so requires that the federal writ be dismissed. *Nobles v. Johnson*, 127 F.3d 409, 420 (5th Cir. 1997).

Accordingly, having conducted a preliminary review of the instant petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases, this Court **RECOMMENDS** the Amended Petition for a Writ of Habeas Corpus of John Reginald Day, Jr. (Instrument No. 6) be **SUMMARILY DISMISSED WITHOUT PREJUDICE** for failing to exhaust state remedies.

The Clerk **SHALL** send copies of this Report and Recommendation to the Parties. The Parties **SHALL** have until **November 23, 2006**, in which to have written objections, filed pursuant to 28 U.S.C. § 636(b)(1)(C), **physically on file** in the Office of the Clerk. The Objections SHALL be electronically filed and/or mailed to the Clerk's Office at P.O. Drawer 2300, Galveston, Texas 77553. **Any Objections filed SHALL be contained in a written document**

---

[1] Although no longer a "live" pleading, the Court also reviewed Petitioner's original writ.

specifically entitled "Objections to the Report and Recommendation of the Magistrate Judge", which will then be forwarded to the District Judge for consideration. Failure to file written objections within the prescribed time **SHALL** bar the aggrieved party from attacking on appeal the factual findings and legal conclusions accepted by the District Judge, except upon grounds of plain error.

**DONE** at Galveston, Texas, this ____2nd____ day of November, 2006.

John R. Froeschner
United States Magistrate Judge